

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00002-CV

---

ROBERT YORK PETTIT, JEFFREY YORK PETTIT, INDIVIDUALLY AND AS TRUSTEE
OF THE BIG HORN PHALANX TRUST, JOSEPH AUSTIN PETTIT AND EMILY ANNE
PETTIT COVEY, Appellants

V.

MARILYN EILEEN PETTIT TABOR, Appellee

---

On Appeal from the 8th District Court
Delta County, Texas
Trial Court No. 10985

---

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Robert York Pettit, Jeffrey York Pettit, individually and as trustee of the Big Horn Phalanx Trust, Joseph Austin Pettit, and Emily Anne Pettit Covey (collectively Pettit) filed a motion requesting that this Court review the supersedeas bond in connection with their appeal of the trial court's judgment. *See* TEX. R. APP. P. 24.4. Pettit claimed that the trial court's order set an excessive bond amount of $100,000.00 to supersede the underlying judgment. After reviewing the motion, appellee's response, the attached exhibits, and the hearing record from the trial court, we conclude that we have an insufficient basis upon which to review the trial court's decision.

The judgment covered by the bond consists of a money judgment, costs, and the recovery by the appellee of a fifty percent interest in two tracts of land. The trial court's bond with respect to the recovery of an interest in real property is governed by Rule 24.2(a)(2)(A). *See* TEX. R. APP. P. 24.2(a)(2)(A).[1] Although evidence at the bond hearing established the value of the property interest's rent or revenue, the bond required to secure that portion of the judgment exceeds the amount of the rent or revenue by approximately seven times. Nothing in the record before us demonstrates the facts that led the trial court to conclude that $100,000.00 was an appropriate amount for the supersedeas bond.

We, therefore, abate this appeal and remand this case to the trial court for the entry of findings of fact to support the necessity of the bond amount attributed to appellee's recovery of an

---

[1]"When the judgment is for the recovery of an interest in real . . . property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least . . . the value of the property interest's rent or revenue . . . ." TEX. R. APP. P. 24.2(a)(2)(A).

interest in real property. *See* TEX. R. APP. P. 24.2(d). The court's findings should be filed in this Court in a supplemental clerk's record within twenty days of the date of this order.

In light of this order of abatement and remand, this Court hereby stays execution and enforcement of the judgment pending further orders of this Court. *See* TEX. R. APP. P. 24.4(c). During the pendency of this abatement, Pettit shall not act or fail to act in any way that might jeopardize or impair the property awarded to the appellee in the trial court's judgment, including any act to change ownership or title to that property.

All appellate timetables are stayed and will resume on our receipt of the supplemental record.

IT IS SO ORDERED.

BY THE COURT

Date:   June 6, 2019